UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALFREDO GONZALEZ | PRISONER |
| v. | Case No. 3:11cv1012 (VLB) |
| COMMISSIONER, ET AL. | July 20, 2012 |

## RULING ON RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Alfredo Gonzalez, currently confined at the MacDougall Correctional Institution in Suffield, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254.  He challenges his 2008 state court convictions for accessory to commit manslaughter, conspiracy to commit assault, hindering prosecution and criminal possession of a firearm.  The respondents move to dismiss on the ground that the petitioner has failed to exhaust his state court remedies as to the claim in the petition.  For the reasons that follow, the respondents' motion to dismiss will be granted.

I.      Standard of Review

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir.1982).

To satisfy the exhaustion requirement, a petitioner must present the

essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

II.     Procedural Background

After the petitioner's arrest in May 2006, an Assistant State's Attorney in the Connecticut Superior Court for the Judicial District of Waterbury, filed an Information charging the petitioner with one count of conspiracy to commit

murder in violation of Conn. Gen. Stat. §§ 53a-48 and 53a-54a(a), one count of accessory to murder in violation of Conn. Gen. Stat. §§ 53a-8 and 53a-54a(a) and one count of hindering prosecution in the second degree in violation of Conn. Gen. Stat. § 53a-166.  *See* Pet. Writ Habeas Corpus at 10.  On April 8, 2008, the Assistant State's Attorney filed a Substitute Long Form Information charging the petitioner with one count of conspiracy to commit murder in violation of Conn. Gen. Stat. §§ 53a-48 and 53a-54a(a), one count of accessory to murder in violation of Conn. Gen. Stat. §§ 53a-8 and 53a-54a(a), one count of accessory to intentional manslaughter in the first degree with a firearm in violation of Conn. Gen. Stat. §§ 53a-8 and 53a-55a, one count of conspiracy to commit assault in the first degree in violation of Conn. Gen. Stat. §§ 53a-48 and 53a-59(a)(5), one count of hindering prosecution in the second degree in violation of Conn. Gen. Stat. § 53a-166 and one count of criminal possession of a firearm in violation of Conn. Gen. Stat. § 53a-217(a)(1).  *See id* at 5-9.

On May 15, 2008, a jury found the petitioner not guilty of accessory to murder and conspiracy to commit murder, but guilty of accessory to intentional manslaughter, conspiracy to commit assault, hindering prosecution and possession of a firearm.  *See State v. Gonzalez*, 300 Conn. 490, 495, 15 A.3d 1049, 1052 (2011).  On August 1, 2008, a judge imposed a total effective sentence of thirty-eight years of imprisonment followed by ten years of special parole.  *See id.* at 514-15, 930 A.2d at 759.

On appeal, the petitioner raised one claim.  He argued that the trial judge

omitted an essential element of the charge of manslaughter as an accessory in his instructions to the jury.  Specifically, the judge failed to instruct the jury as to the element of the general intent of the accessory that a firearm be used in the commission of the offense of manslaughter.  *See id.* at 492, 15 A.3d at 1050.  On April 5, 2011, the Connecticut Supreme Court affirmed the judgement of conviction.  *See id.* at 510, 15 A.3d at 1062.

III.    Discussion

The petitioner includes only one ground in the present petition.  He claims that "[t]he State of Connecticut's statutory scheme of manslaughter in the 1st Degree with a Firearm violates the Due Process Clause of the 5th and 14th Amend. To U.S. Const."   Pet. Writ Habeas Corpus at 28.  In the facts supporting this ground, the petitioner contends that Conn. Gen. Stat. § 53a-55a "is violative of the United States Constitution in that it does not require the state to prove an essential element of the substantial crime charged: the intent to use a firearm." *Id.*  The respondents move to dismiss the petition on the ground that the petitioner has not exhausted his state court remedies as to the sole ground in the petition. The respondents argue that the petitioner did not fairly present the federal constitutional challenge raised in ground one of the present petition in his direct appeal to the Connecticut Supreme Court.  Thus, the claim has not been exhausted.

In the petitioner's direct appeal of his conviction to the Connecticut Supreme Court, the petitioner challenged his conviction on the ground that the

trial judge's jury instructions were deficient in that judge had failed to include an essential element of the offense of manslaughter in the first degree with a firearm as an accessory.  *See* Pet. Writ Habeas Corpus at 13, 33-46.  The petitioner described the essential element as the general intent that a firearm be used in the commission of the offense.

In determining whether the trial judge had correctly instructed the jury as to the manslaughter charge, the Connecticut Supreme Court reviewed the Connecticut Appellate Court's statutory interpretation of the elements of the crime of manslaughter in the first degree with a firearm as an accessory in violation of Conn. Gen. Stat. §§ 53a-55a and 53a-8 in *State v. Miller*, 95 Conn. App. 362, 896 A.2d 844 (2006), cert. denied, .  In *Miller*, the Connecticut Appellate Court examined past Connecticut precedent and concluded that "there is a dual intent required for commission of the crime of manslaughter in the first degree with a firearm as an accessory, namely, that the defendant intended to inflict serious physical injury and that he intended to aid the principal in doing so."  *Id.* at 377, 896 A.2d at 855.  Furthermore, neither the principal nor the accessory is required to prove that the principal "intended the use, carrying or threatened use of [a] firearm" because proof of that element is satisfied if the principal in fact used a firearm in committing the offense of manslaughter in the first degree.  *Id.*

The Connecticut Supreme Court concluded that the Connecticut Appellate Court had correctly decided *Miller* and that the state must prove the following elements to establish accessory liability under Conn. Gen. Stat. § 53a-8 for

5

manslaughter in the first degree with a firearm in violation of Conn. Gen. Stat. § 53a-55a: (1) the defendant acting with intent to cause serious physical injury to another person; (2) intentionally aided a principal offender in causing the death of such person or of a third person; and (3) that the principal, in committing the act, used, carried or threatened to use a firearm.  Because the jury instructions on the manslaughter count given by the judge at the end of the petitioner's trial conformed to the decision by the Appellate Court in *Miller* and were "a proper statement of the essential elements of manslaughter in the first degree with a firearm as an accessory,"  the Connecticut Supreme Court held that the trial judge had correctly instructed the jury on the manslaughter count.  *Gonzalez*, 300 Conn. at 495, 15 A.3d at 1052.

Although petitioner's counsel on direct appeal made reference to the Due Process Clause of the Fourteenth Amendment in his brief, that reference was made in the context of his challenge to the court's jury instruction.  *See* Pet. Writ Habeas Corpus at 454.  In the petition before this court, the challenge is to the manslaughter statute itself.  The petitioner claims that the statutory scheme violates the Due Process Clause of the Fifth and Fourteenth Amendment because it does not require the State to prove every element of the offense.  In the petitioner's brief in support of this claim, it is evident that the petitioner is attempting to raise a claim that the statute governing manslaughter in the first degree with a firearm is unconstitutional under the Supreme Court's decision in *Mullaney v. Wilbur*, 421 U.S. 684 (1975) and not that the charge given by the

6

Connecticut Superior Court was deficient.[1]  (*See* Mem. Support Pet. Writ Habeas Corpus, Doc. No. 1-2.)  This claim was not raised on appeal to the Connecticut Supreme Court.  Nor did the petitioner's brief in support of his appeal put the Connecticut Supreme Court on notice of this claim.  Thus, the claim presenter to this court has not been fairly presented to the highest state court and is not exhausted.

The Second Circuit has held that if a petitioner fails to exhaust a claim on direct appeal and "it is clear that the unexhausted claim is [now] procedurally barred by state law," then the district court "theoretically has the power to deem the claim exhausted."  *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).  The respondents argue that although the petitioner has not exhausted his federal constitutional by raising it on direct appeal, he is not procedurally barred from raising this claim in state court.  The petitioner is required to use all available means to secure appellate review of his claims.  *See Galdamez*, 394 F.3d at 73-74.

The respondents contend that the petitioner could file a state habeas petition arguing that appellate counsel was ineffective for failing to raise the

---

[1] In *Mullaney*, the Supreme Court declared Maine's homicide statutes unconstitutional.  The statutes provided that a person accused of murder could rebut the statutory presumption that he committed the offense with "malice aforethought" by proving "by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce the murder to manslaughter." *Id.* at 703.  The Court held that this scheme improperly shifted the burden of persuasion from the prosecutor to the defendant and was therefore a violation of the requirement of due process that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged as defined in *In re Winship*, 397 U.S. 358, 364 (1970).  *Id.* at 703-04.

federal claim on direct appeal.  *See Small v. Commissioner of Correction*, 286 conn. 707, 721-24, 946 A.2d 1203, 1213-15, *cert. denied sub nom., Small v. Lantz*, 555 U.S. 975 (2008).  In deciding the claim of ineffective assistance of appellate counsel, the state habeas judge would necessarily address the underlying federal constitutional claim relating to the constitutionality of the manslaughter statute.  Thus, the petitioner has an available state remedy with regard to the claim in ground one of the petition.  Accordingly, the petitioner's claim is not procedurally barred and will not be deemed exhausted.  The motion to dismiss is granted on the ground that the claim in the first ground is unexhausted.

IV. Conclusion

The Motion to Dismiss on the ground that sole ground for relief has not been exhausted [doc. # 7] is GRANTED.  The Petition for Writ of Habeas Corpus [doc. # 1] is DISMISSED without prejudice for failure to exhaust state court remedies.[2]

The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural

---

[2] **As this is not a mixed petition containing unexhausted and exhausted claims, a stay of this action pursuant to *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) would be inappropriate.  *See id.* (When a petition contains both exhausted and unexhausted claims, the Court of Appeals for the Second Circuit recommends that the district court stay the exhausted claims and dismiss the unexhausted claims with a direction to the petitioner to timely complete the exhaustion process and return to federal court).**

grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgment and close this case.

    SO ORDERED this 20th day of July 2012, at Hartford, Connecticut.

                                             /s/
                                VANESSA L. BRYANT
                                UNITED STATES DISTRICT JUDGE